NOT DESIGNATED FOR PUBLICATION

No. 113,249

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KAW VALLEY BANK,
*Appellant*,

v.

KANZA CAPITAL, LLC, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; LARRY D. HENDRICKS, judge. Opinion filed January 15, 2016. Reversed.

*Bradley R. Finkeldei*, of Stevens & Brand, LLP, of Lawrence, for appellant.

*Timothy D. Resner* and *Randall J. Forbes*, of Frieden, Unrein & Forbes, LLP, of Topeka, for appellees.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

*Per Curiam*:  This appeal arises from the district court's ruling regarding the disposition of a $400,000 certificate of deposit (CD) pledged to the Kaw Valley Bank (Bank) as part of the security for a $3.42 million commercial real estate loan.

1

*Facts*

The events leading to this appeal began in August 2009 when Kanza Capital, LLC, gave its promissory note to Kaw Valley Bank in exchange for the Bank's loan to Kanza Capital for the construction of a parking garage and a commercial and residential condominium building in downtown Topeka. Along with a mortgage on the property and the assignment of rents and personal guaranties, the loan was secured by a $400,000 CD owned by Steve Hutchinson, one of the personal guarantors of the loan.

The $400,000 CD was created when Hutchinson deposited $400,000 in the Bank. Hutchinson pledged the CD as collateral for the loan. From its inception, the CD remained in the physical custody of the Bank.

Later, after the closing on the loan and with the Bank's consent, Hutchinson assigned the CD to Kanza Construction. The Bank conditioned the assignment on the Bank retaining its security interest in the CD. In fact, neither Hutchinson nor Kanza Construction ever asked the Bank to release its security interest in the CD when Hutchinson transferred it to Kanza Construction. The Bank continued to hold the CD after Hutchinson transferred its ownership to Kanza Construction.

In order to memorialize the Bank's continuing security interest in the CD, the Bank required Kanza Construction to sign a continuing guaranty and to formally pledge the CD as security for the loan. The continuing guaranty was back dated to the August date of the original loan documents. As the district court found in its memorandum decision, the Bank required Kanza Construction's continuing guaranty "'so that it was clear that the CD secured . . . that extension of credit to Kanza Capital, LLC, and that there wasn't any change in the collateral being held by the bank.'"

In February 2012, permanent financing for the project was accomplished when the loan was renewed. The August 2009 pledges of the $400,000 CD as collateral were specifically included as collateral for the renewed note. Kanza Construction's and Hutchinson's guaranties and security agreements covering the $400,000 CD remained in full force and effect.

Kanza Capital defaulted on the promissory note. In June 2012 the Bank sent Kanza Construction a letter of default, accelerating the entire amount due on the loan. The Bank exercised its rights in the $400,000 CD, applied the CD proceeds to the amount due on the promissory note, and commenced this foreclosure action.

When the matter came before the court for trial, Kanza Construction argued in its trial brief that applying the $400,000 CD to the debt was improper because there was no event of default. The district court rejected this argument and ruled that the Bank's notice of default was proper and that an event of default had occurred. The court also found that the Bank gave a valid notice of default and was therefore entitled to set off the checking accounts, foreclose on the mortgage, and collect against Hutchinson and his wife, the other guarantor, and against Kanza Capital.

The district court then considered *sua sponte*, and without any notice to or argument by the parties, whether Kanza Construction's guaranty agreement was supported by adequate consideration. While the lack of consideration was asserted as an affirmative defense in the joint answer filed by the various defendants ("One or more of the Plaintiff's claims are barred by a lack of sufficient consideration."), the record does not disclose that this defense was ever pursued in pretrial proceedings or at trial. Nevertheless, the court ruled that Kanza Construction's 2009 continuing guarantee was void of lack of consideration.

3

The district court concluded that the Bank improperly set off the $400,000 CD and accordingly granted judgment to Kanza Construction against the Bank in that amount. The Bank's appeal now brings the matter to us.

*Analysis*

The Bank relies on the Uniform Commercial Code, K.S.A. 2014 Supp. 84-9-315(a)(1), as support for its position that the Bank was entitled to enforce its security interest in the $400,000 CD and apply the CD to the debt after Kanza Capital defaulted on the note.

■ *Standard of Review*

The district court's ruling on the enforceability of the CD is a matter of law over which our review is unlimited. *Gannon v. State*, 298 Kan. 1107, 1175-76, 319 P.3d 1196 (2014). It also involves the interpretation of a statute, which is a matter over which we have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

■ *Preservation of the Issue*

The guarantors challenge our consideration of this issue because the Bank did not raise it before the district court. As a general rule, we will not review issues raised for the first time on appeal. But there are three recognized exceptions to this rule: (1) when the newly asserted theory involves only a question of law arising from proved or admitted facts and is finally determinative of the case; (2) when consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) when the judgment of the trial court may be upheld on appeal despite its reliance on

4

the wrong ground or having assigned a wrong reason for its decision. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 778 (2009).

As to the first exception, whether its security interest continued in the CD after the assignment to Kanza Construction under K.S.A. 2014 Supp. 84-9-315(a)(1) is a question of law arising from proved or admitted facts. Resolution of this question will be determinative of the final outcome of the case. The guarantors contend that a fact issue remains regarding the Bank's consent. But they concede that the Bank required Kanza Construction to sign the guaranty in order to make clear that there was not a change in collateral being held by the Bank. It is undisputed that the Bank did not release the CD as collateral for the loan when it agreed to allow Hutchinson to transfer the CD to Kanza Construction. Thus, there is no fact question to be resolved. The only question remaining is a question of law.

Further, consideration of the Bank's theory under the Uniform Commercial Code is necessary to serve the ends of justice or to prevent the denial of fundamental rights. The validity of the Bank's security interest in the CD was never challenged at trial. Thus, the Bank had no occasion to address it. It only became an issue after the district court's decision. The district court ruled on the Bank's continuing security interest *sua sponte*, without providing notice to the parties before trial, at trial, or allowing the parties to address the issue in posttrial proceedings. The Bank had no notice that the defendants were challenging its continuing security interest in the CD on any grounds other than the guarantors' theory that the Bank's notice to the guarantors was defective. Under these circumstances, we will consider the issue of law raised in the Bank's argument based on the Uniform Commercial Code.

■ *The Bank's Continuing Security Interest*

K.S.A. 2014 Supp. 84-9-315(a)(1) provides: "A security interest or agricultural lien continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest or agricultural lien." See K.S.A. 2014 Supp. 84-9-201(a) ("[A] security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors.").

At the time of the closing on the construction loan Hutchinson owned the $400,000 CD, and he pledged it as collateral for the note. About a month later, Hutchinson transferred the $400,000 CD to Kanza Construction. Hutchinson did not ask for or obtain a release of the Bank's security interest. Rather than agreeing to release its security interest, the Bank retained possession of the CD and, as a condition of the assignment, required the assignee, Kanza Construction, to sign a guaranty and security agreement contemporaneous with the assignment to specifically memorialize the Bank's continuing security interest in the CD. The guarantors admit, and the district court found, that the Bank required Kanza Construction to sign the continuing guarantee "'so that it was clear that the CD secured . . . that extension of credit to Kanza Capital, LLC, and that there wasn't any change in the collateral being held by the bank.'" In 2012, when the construction loan was converted to permanent financing, the defendants did not object to the identification of the CD as collateral.

The district court erroneously concluded that the transfer of the CD eliminated the Bank's security interest in the CD. Under K.S.A. 2014 Supp. 84-9-315(a)(1), the Bank's security interest remained unless the Bank authorized the disposition free of the security interest. See *In re Sunbelt Grain WKS, LLC*, 427 B.R. 896, 902-03 & n.11 (D. Kan. 2010)

6

(even if a sale has occurred, the secured party's interest in collateral continues if a buyer is not a buyer in ordinary course).

The Bank did not authorize the disposition of the CD "free of its security interest." K.S.A. 2014 Supp. 84-9-315(a)(1). Rather, the Bank had Kanza Construction sign a guaranty specifically so that it was clear that the CD secured the extension of credit to Kanza Capital and remained as collateral for that loan.

Under K.S.A. 2014 Supp. 84-9-315(a)(1), the Bank's security interest continued in the $400,000 CD because the assignment of the CD from Hutchinson to Kanza Construction was done on the express condition that the Bank's security interest in the CD would survive the assignment. The district court erroneously found that the Bank's security interest had ended and that the Bank was not entitled to enforce its security interest. To the contrary, we conclude that the Bank was entitled to enforce its security interest in the CD and apply the $400,000 CD to set off the debt after Kanza Capital defaulted under the terms of the note.

■ *Lack of Consideration*

In oral argument before us the defendants conceded that if K.S.A. 2014 Supp. 2014 84-9-315(a)(1) applies and the Bank's security interest in the CD remained after Hutchinson's assignment of it to Kanza Construction, then the issue of the consideration for Kanza Construction's guaranty is moot. Based on our analysis above, we conclude that the Bank's security interest in the CD survived the assignment to Kanza Construction. Thus, the consideration issue is now moot, and we need not consider it further.

Reversed.

7